**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John P. Warden,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Coolidge Unified School District, et al.,<br><br>　　　　Defendants. | CIV-07-2273-PHX-MHB<br><br>**ORDER** |

　　　This is an employment case. Plaintiff John P. Warden is employed as a teacher by Defendant Coolidge Unified School District. In 2007, Plaintiff was accused of improper contact with students at San Tan Heights Elementary School, and was, subsequently, transferred to his current position at Coolidge High School.

　　　In his First Amended Complaint, Plaintiff claims that Defendants' conduct, in connection with the accusations and subsequent transfer, gives rise to various legal claims. Specifically, Plaintiff asserts that Defendants discriminated against him on the basis of race, sex, and disability in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. He also alleges that Defendants denied him equal protection of the law and deprived him of property and liberty without due process, in violation of 42 U.S.C. § 1983. In addition, Plaintiff states that Defendants conspired to violate his civil rights in violation of 42 U.S.C. § 1985. Lastly, Plaintiff contends that Defendants retaliated against him for exercising his First Amendment rights and that Defendants are liable under the Racketeering Influenced and Corrupt Organizations Act.

1  Pending before the Court is Defendants Coolidge Unified School District, Sarah
2  Robles, and Thomas Beckett's ("District Defendants") Motion to Join Party Under Rule 19
3  (Doc. #48). Specifically, the District Defendants move pursuant to Rule 19 of the Federal
4  Rules of Civil Procedure for an order joining the spouse of Plaintiff.

5  In their Motion, the District Defendants state that Plaintiff is married to Mildred R.
6  Warden. (Doc. #48, Exh. A – Corporation Special Warranty Deed recorded in Pinal County
7  on November 30, 2004, conveyance of real property to "John P. Warden and Mildred R.
8  Warden, husband and wife".) The District Defendants contend that Plaintiff's complaint
9  includes claims on which the prevailing parties will be entitled to recover their attorneys'
10 fees. (Doc. #33 – First Amended Complaint at 1:15-24; 42 U.S.C. § 1988(b).) The District
11 Defendants intend to recover attorneys' fees and statutory costs should they be the prevailing
12 party, and claim that Ms. Warden's absence would preclude the Court from affording them
13 complete relief. Under these circumstances, the District Defendants request that the Court
14 join Ms. Warden.

15  Rule 19(a) of the Federal Rules of Civil Procedure states, in pertinent part:

16  (1) *Required Party*. A person who is subject to service of process and whose
    joinder will not deprive the court of subject-matter jurisdiction must be joined
17  as a party if:

18  (A) in that person's absence, the court cannot accord complete relief among
    existing parties; ...
19
    The absence of necessary parties under Rule 19 may be properly raised by any party "at any
20
    stage in the proceeding." CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 911-12
21
    (9th Cir. 1991). "An entity's status as a 'necessary' party is not judged by any prescribed
22
    formula, but instead 'can only be determined in the context of particular litigation.'" Id. at
23
    912 (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118
24
    (1968)).
25
     In Weimer v. Maricopa County Community College Dist., 184 F.R.D. 309, 310-11
26
    (D. Ariz. 1998), a plaintiff brought suit against his employer claiming breach of contract,
27

28
- 2 -

1  wrongful termination, and violations of his constitutional rights under 42 U.S.C. § 1983.  In
2  deciding the issue of whether to join plaintiff's wife, the court held, *inter alia*, that complete
3  relief might be denied to those already parties to the action, because plaintiff based his cause
4  of action on 42 U.S.C. § 1983 and a state law claim of breach of contract, both of which
5  authorized an award of attorneys' fees to the successful party.  See id.  The court concluded
6  that plaintiff's spouse is properly joined as a necessary party under Rule 19 for the purpose
7  of allowing the defendant to seek recovery of attorneys' fees and costs against the marital
8  community.  See id.

9        Here, as in Weimer, Plaintiff's cause of action includes claims on which the prevailing
10 party is entitled to recover attorneys' fees and costs.  Under Arizona community property
11 law, however, a "judgment against one spouse does not bind the community."  Spudnuts, Inc.
12 v. Lane, 676 P.2d 669, 670 (Ariz. Ct. App. 1984).  For a party to hold the marital community
13 accountable for any obligation, it must sue both spouses jointly.  See id.  Accordingly, the
14 Court finds that Ms. Warden must be joined as a plaintiff to bind the marital community and
15 afford Defendants complete relief under a possible judgment awarding them attorneys' fees.

16     **IT IS ORDERED** that the District Defendants Motion to Join Party Under Rule 19
17 (Doc. #48) is **GRANTED**;

18     **IT IS FURTHER ORDERED** that Plaintiff's previous request to add missing
19 exhibits (Doc. #35) is **DENIED** as moot.

20     DATED this 11th day of August, 2008.

*(signature)*
Michelle H. Burns
United States Magistrate Judge

- 3 -