**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John P. Warden, | CIV-07-2273-PHX-MHB |
| Plaintiffs, | **ORDER** |
| vs. | |
| Coolidge Unified School District, et al., | |
| Defendants. | |

    This is an employment case. Plaintiff John P. Warden, appearing *pro se*, is employed as a teacher by Defendant Coolidge Unified School District. In 2007, Plaintiff was accused of improper contact with students at San Tan Heights Elementary School, and was, subsequently, transferred to his current position at Coolidge High School.

    In his First Amended Complaint, Plaintiff alleges that Defendants' conduct, in connection with the accusations and subsequent transfer, gives rise to various legal claims. Although Plaintiff's First Amended Complaint contains a litany of convoluted allegations, Plaintiff appears to assert that Defendants discriminated against him on the basis of race, sex, and disability in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA") pursuant to 42 U.S.C. §12117. He also contends that Defendants denied him equal protection of the law and deprived him of property and liberty without due process, in violation of 42 U.S.C. § 1983. In addition, Plaintiff states that Defendants conspired to violate his civil rights pursuant to 42 U.S.C. § 1985. Lastly, Plaintiff claims that Defendants retaliated against him for exercising his First Amendment

rights and that Defendants are liable under the Racketeering Influenced and Corrupt Organizations Act ("RICO").

Pending before the Court are Defendant Arizona Education Association's ("AEA") Motion for Summary Judgment (Doc. #39) and Defendants Coolidge Unified School District, Sarah Robles, and Thomas Beckett's ("District Defendants") Motion to Dismiss (Doc. #40). On June 27, 2008, Plaintiff filed responses to both AEA's Motion (Doc. #45) and the District Defendants' Motion (Doc. #46). On July 7, 2008, the District Defendants filed a Reply (Doc. #49), and on July 11, 2008, AEA filed a Reply (Doc. #50). Then, without having received leave of Court to do so, Plaintiff filed sur-replies to both reply briefs (Docs. ##51, 52). The Court will, therefore, not consider Plaintiff's sur-replies.

**DISCUSSION**

**A.     AEA's Motion for Summary Judgment**

In its Motion, AEA argues that Plaintiff's failure to exhaust his administrative remedies deprives the Court of jurisdiction over Plaintiff's claims of gender and disability discrimination. AEA additionally contends that Plaintiff's claims pursuant to 42 U.S.C. § 1983 fail since Plaintiff has not offered evidence of "the required state action." AEA has only submitted a three paragraph Affidavit in support of its Motion.

AEA has failed to submit a separate statement of facts supporting its Motion for Summary Judgment. Although Rule 56(a) of the Federal Rules of Civil Procedure states that a party claiming relief may move, with or without supporting affidavits, for summary judgment at any time after "20 days have passed from commencement of the action," AEA has failed to comply with the Local Rules of Civil Procedure. LRCiv 56.1 provides in pertinent part:

> (a)     Any party filing a motion for summary judgment shall file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion. Each material fact shall be set forth in a separately numbered paragraph and shall refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.). A failure to submit a separate

statement of facts in this form may constitute grounds for the denial of the motion.

LRCiv 56.1(a).

Accordingly, AEA having failed to comply with the Local Rules, the Court will deny its Motion for Summary Judgment without prejudice and with leave to refile.

**B.     The District Defendants' Motion to Dismiss**

The District Defendants first argue that Plaintiff has failed to assert any constitutional violations. Specifically, the District Defendants contend that (1) Plaintiff cannot allege an Equal Protection claim based on a "class of one" theory; (2) Plaintiff has not identified either a property or liberty interest with which the District Defendants have interfered; (3) Plaintiff has not alleged a cognizable First Amendment claim; and (4) Plaintiff fails to state a claim pursuant to either section 1983 or section 1985. With respect to the other claims asserted in Plaintiff's First Amended Complaint, the District Defendants argue that Plaintiff fails to state a viable RICO cause of action and fails to state a claim pursuant to Title VII or the ADA.

The Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir. 1997). Thus, dismissal for insufficiency of a complaint is proper if the complaint fails to state a claim on its face. See Lucas v. Bechtel Corp., 633 F.2d 757, 759 (9th Cir. 1980). A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In determining whether an asserted claim can be sustained, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). As for the factual allegations, the Supreme Court has explained that they "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct.

1955, 1965, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss, the issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. See Gilligan, 108 F.3d at 249.

### 1. Equal Protection Claim

Plaintiff alleges that the District Defendants denied him "equal protection" of the law by "pick[ing] on [him] out of sheer vindictiveness," and that they are "out to get [him]." (First Am. Compl. ¶¶ 7, 58.) While an equal protection claim ordinarily is reserved for an allegation that a defendant is discriminating against a plaintiff on the basis of his or her membership in a suspect class, here, Plaintiff essentially alleges that he is a "class of one" within the principles of Village of Willowbrook v. Olech, 528 U.S. 562 (2000). Those principles, however, are inapposite here. As the Ninth Circuit has stated, "the class-of-one theory of equal protection is inapplicable to decisions made by public employers with regard to their employees." Engquist v. Oregon Dep't of Agriculture, 478 F.3d 985, 996 (9th Cir. 2007). Moreover, to the extent Plaintiff alleges a new theory of equal protection in his response to the District Defendants' Motion, his attempt is untimely. He has had two chances to state a cause of action for which relief can be granted. He has failed to do so on both occasions. The Court will grant the District Defendants' Motion to Dismiss as to Plaintiff's equal protection claim.

### 2. Due Process Claim – Property and Liberty Interest

Plaintiff alludes in his pleading to an alleged denial of "due process." Plaintiff is not clear whether he is referring to a deprivation of a property interest, a denial of a liberty interest, or both.

With respect to any property interest in continued employment, government employees enjoy certain protections against termination. See, e.g., Perry v. Sindermann, 408 U.S. 593, 599-600 (1972). Here, the District Defendants have not terminated Plaintiff; Plaintiff simply alleges that he was transferred to another school. Plaintiff's transfer fails to implicate any property interest that imposes upon public entities such as the District

1  Defendants the due process requirements of the 14th Amendment. See Stiesberg v. State of
2  California, 80 F.3d 353, 356 (9th Cir. 1996) (transfer with no adverse effect on pay or
3  privileges does not trigger due process protection); Carter v. Western Reserve Psychiatric
4  Habilitation Ctr., 767 F.2d 270, 272 (6th Cir. 1985) ("since they had been disciplined but had
5  not been discharged, they had not been deprived of any property interest").

6  Plaintiff argues that his teaching certificate is "property" subject to due process
7  protections. Notably, however, he does not allege that his certificate has been revoked,
8  suspended, or otherwise restricted in any way. The District Defendants did issue a "letter of
9  direction" to Plaintiff, but he fails to allege that the letter impacted his teaching certificate.
10 In this instance, Plaintiff's assertion that his certificate constitutes "property" is not
11 persuasive and fails to state a claim.

12 To establish a liberty interest claim, Plaintiff must show that in the context of
13 discharging him, the District Defendants made a false stigmatizing public statement
14 concerning reasons for termination. See Siegert v. Gilley, 500 U.S. 226, 233-34 (1991); Paul
15 v. Davis, 424 U.S. 693, 710 (1976); Portman v. County of Santa Clara, 995 F.2d 898, 907
16 (9th Cir. 1993). Again, Plaintiff does not allege that he was terminated, and he fails to
17 identify any false or stigmatizing public statements made about him in the context of
18 termination. Overall, he fails to respond to the District Defendants' arguments as they relate
19 to his alleged liberty interest.

20 Accordingly, the Court will grant the District Defendants' Motion as to Plaintiff's due
21 process claim.

22 **3.     First Amendment Claim**

23 Plaintiff alleges that the District Defendants retaliated against him for exercising his
24 First Amendment rights. (See First Am. Compl. ¶¶ 22, 25.) His allegations, however, make
25 clear that he is referring to his efforts to vindicate his own personal interests as they relate
26 to his employment situation.

27
28

The First Amendment is not implicated when an individual speaks "as an employee upon matters only of personal interest." Connick v. Myers, 461 U.S. 138, 147 (1983); see also Gearhart v. Thorne, 768 F.2d 1072, 1073 (9th Cir. 1985) (employee's effort to refute false charges brought against him were "matters only of personal interest," and did not invoke First Amendment protection); Berg v. Hunter, 854 F.2d 238, 242 (7th Cir. 1988) ("Personal grievances cloaked in the garb of institutional dress are not thereby made matters of public concern."). In this case, where the alleged protected speech consists of Plaintiff's efforts to vindicate his own personal rights, he fails to state a First Amendment claim.

Plaintiff's response to the District Defendant's Motion does not alter the Court's conclusion. He argues only that he should have been given the opportunity to associate with co-workers so that he could vindicate his personal interests. Plaintiff's efforts to advance his own personal employment interests, however, simply do not implicate any First Amendment issues. Thus, his claim fails as a matter of law. The Court will grant the District Defendants' Motion as to Plaintiff's First Amendment claim.

### 4. Sections 1983 and 1985 Claims

With respect to Plaintiff's claims alleged pursuant to section 1983, the District Defendants, citing Monell v. Department of Social Services, 436 U.S. 658, 691 (1978), contend that Plaintiff may not impose liability under section 1983 against a political subdivision on the basis of respondeat superior. As such, the District Defendants assert that the allegations set forth in Plaintiff's First Amended Complaint fail to state a claim.

The District Defendants are correct – liability under section 1983 cannot be premised on a respondeat superior theory. See id. To succeed on a section 1983 cause of action against the District, Plaintiff must allege that he was the victim of some official act of the District, that the violation resulted from the enforcement of some official policy, custom, or practice of the District, or that the deprivation was the product of deliberate indifference to the need for training. See, e.g., Monell, 436 U.S. at 694-95; City of Canton v. Harris, 489 U.S. 378, 387-88 (1978). As the Supreme Court has summarized, a political subdivision

1  "cannot be held liable unless a … policy or custom caused the constitutional injury."
2  <u>Leatherman v. Tarrant County Narcotics Intell. & Coordination Unit</u>, 507 U.S. 163, 166
3  (1993); <u>see also</u> <u>McGrath v. Scott</u>, 250 F.Supp.2d 1218, 1222-23 (D. Ariz. 2003) ("municipal
4  liability depends upon enforcement by individuals of a municipal policy, practice, or decision
5  of a policymaker that causes the violation of the Plaintiffs['] federally protected rights").

6  Notwithstanding the fact that Plaintiff has failed to respond to the District Defendants'
7  Motion on this issue, Plaintiff makes no such allegation here.  He does not claim that the
8  alleged deprivation was the product of any official act or policy by the District.  He does not
9  allege that the denial of due process resulted from the enforcement of any practice or custom
10 of the District.  Nor does he allege that the supposed deprivation was caused by the District's
11 own deliberate indifference to some alleged need for training in some area.  The Court finds
12 that Plaintiff's First Amended Complaint fails to allege any wrongful action or inaction by
13 the District.  Therefore, Plaintiff fails to state a viable claim against the District pursuant to
14 section 1983.

15 As to Plaintiff's section 1985 claims, "[s]ection 1985 creates a civil action for
16 damages caused by two or more persons who conspire for the purpose of depriving the
17 injured person of the equal protection of the laws, or of equal privileges and immunities
18 under the laws and take or cause to be taken any act in furtherance of the object of such
19 conspiracy."  <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1168 (9th Cir. 2005) (internal
20 quotations and citations omitted).  The absence of a viable section 1983 claim necessarily
21 precludes a section 1985 conspiracy claim predicated on the same allegations.  <u>See</u> <u>id.</u>;
22 <u>Caldeira v. County of Kauai</u>, 866 F.2d 1175, 1182 (9th Cir. 1989).  Because Plaintiff fails to
23 state a claim of equal protection, due process, or first amendment violation, his conspiracy
24 claim under section 1985 also fails as a matter of law.

25
26
27
28

- 7 -

1    Accordingly, the Court will grant the District Defendants' Motion to Dismiss as to
2 Plaintiff's claims alleged pursuant to sections 1983 and 1985.[1]

### 5. RICO Claim

Plaintiff alleges that the District Defendants are liable under RICO. (See First Am. Compl. ¶ 51.) The District Defendant argue that Plaintiff's allegations do not state a viable RICO cause of action and, therefore, should be dismissed.

A civil RICO claim requires pleading and proof of certain "predicate acts." See Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996). The failure to allege such predicate acts requires dismissal of the claim. See Lacy v. County of Maricopa, 2008 WL 312095 at *2 (D. Ariz. February 1, 2008) (dismissing RICO claim for failure to identify predicate acts).

Illegal activities that constitute predicate acts for federal RICO liability are identified in 18 U.S.C. § 1961. Here, Plaintiff appears to rely upon obstruction of justice and witness tampering as predicate acts. Notably, however, the statutes defining those crimes limit their application to conduct that takes place in the context of an "official proceeding." See e.g., 18 U.S.C. § 1512(c). Regardless of the method by which "tampering" or "obstruction" supposedly occurs, it must occur within the context of an "official proceeding." See id.; 18 U.S.C. § 1512(a)(1)(A) (killing a witness to "prevent attendance or testimony ... in an official proceeding"); 18 U.S.C. § 1512(a)(2)(B) (using force or threats to induce a witness to evade process, destroy documents, or withhold testimony from an "official proceeding"). "Official proceedings" constitute proceedings before federal judges, Congress, and federal agencies. See 18 U.S.C. § 1515(a). These statutes do not extend to proceedings of a state character. See, e.g., Deck v. Engineered Laminates, 349 F.3d 1253, 1257 (10th Cir. 2003) ("tampering

---

[1] In their Motion to Dismiss, the District Defendants state that the individual Defendants, Sarah Robles and Thomas Beckett, are entitled to qualified immunity. Since the Court concludes that Plaintiff has failed to assert any constitutional violations against the District Defendants in his First Amended Complaint, it need not address the District Defendants' claims of immunity at this time.

- 8 -

1  with a witness in a state judicial proceeding … is not a RICO predicate act"); McKinney v. Illinois, 720 F.Supp. 706, 708 (N.D. Ill. 1989) (investigation by Illinois Department of Human Rights not an "official proceeding" under §§ 1512 or 1513).

Not only has Plaintiff failed to respond to the District Defendants' Motion, but Plaintiff's pleading fails to reference any federal "official proceeding" with which the District Defendants tampered. Plaintiff makes passing references to the Arizona State Department of Education and the school district's investigation into his conduct. (See First Am. Compl. ¶¶ 11, 46.) Such state proceedings, however, do not fall within the statute. Since Plaintiff has failed to allege a "predicate act," his RICO claim fails as a matter of law. The Court will grant the District Defendants' Motion as to Plaintiff's RICO claim.

### 6. Title VII and ADA Claims

In his First Amended Complaint, Plaintiff refers, generally, to disability and sex discrimination. (See First Am. Compl. at 7, and ¶ 73.) He also makes a conclusory accusation that the District's Superintendent is "gender driven," and that she wrote a letter that was "stereotyping male behavior toward female pre-teens." (See First Am. Compl. ¶¶ 46, 54.) The District Defendants submit that Plaintiff fails to state a claim of discrimination under Title VII or the ADA. The Court agrees.

The Court finds that Plaintiff's pleading fails to point to any particular employment decision and assert that the District based any of its decisions on Plaintiff's sex or his alleged disability. Although he complains about his transfer from San Tan Middle School to Coolidge High School, Plaintiff does not allege that the decision to transfer him was based on his sex or disability. As such, Plaintiff fails to state a claim of discrimination under Title VII or the ADA. See, e.g., Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of discrimination do not state a claim).

The District Defendants also argue that Plaintiff fails to state a "reasonable accommodation" claim under the ADA. The ADA requires that employers provide "[m]odifications or adjustments to the work environment, or to the manner or circumstances

- 9 -

1 under which the position held or desired is customarily performed, that enable a qualified
2 individual with a disability to perform the essential functions of that position." 29 C.F.R. §
3 1630.2(o)(1)(ii). An ADA "failure to accommodate" claim, therefore, involves an assertion
4 that a defendant wrongfully interfered with a plaintiff's ability to perform his or her job by
5 refusing a request for reasonable accommodation.

6 Here, Plaintiff makes no such assertion. Although Plaintiff claims that he was refused
7 an accommodation for his alleged disability (see First Am. Compl. ¶¶ 44, 72-74), he does not
8 allege that he was unable to perform the essential functions of his job without such
9 accommodation, or that such accommodation was necessary to enable him to perform his job.
10 Indeed, Plaintiff asserts that while he has "limited impaired cognitive ability," his condition
11 affects his job performance "only in a limited way." (See First Am. Compl. ¶ 37.) He claims
12 that he has won awards, that he has passed various "educational" tests, that he has been fully
13 credentialed, and that he has "successfully past [sic] the first year of law school." (See First
14 Am. Compl. ¶ 37.) From the face of his pleadings, Plaintiff appears to allege that he was
15 perfectly capable of performing his duties. The ADA does not require that employers
16 provide accommodations that are not related to the individual's ability to perform the job.
17 Therefore, the Court finds that Plaintiff fails to state a viable "failure to accommodate" claim
18 under the ADA.

19 Lastly, the District Defendants contend that the individual Defendants cannot be liable
20 for alleged Title VII or ADA claims. Individual supervisors and managers (such as
21 Defendants Robles and Beckett) are not "employers" covered by the various federal civil
22 rights statutes and, therefore, are not liable for alleged discrimination thereunder. See, e.g.,
23 Walsh v. Nevada Dep't of Human Resources, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (ADA);
24 Holly D. v. California Institute of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003) (Title VII);
25 Ransom v. State of Arizona Board of Regents, 983 F. Supp. 895, 904 (D. Ariz. 1997) (ADA).
26 Plaintiff, again, has failed to respond to the District Defendants' Motion. Nonetheless, under
27 these circumstances, the First Amended Complaint does not state a claim upon which the

28

Court may grant relief against the individuals. The Court will, therefore, dismiss the claims against them.

Accordingly, the Court finds that Plaintiff has failed to state a claim pursuant to Title VII or the ADA and, therefore, will grant the District Defendants' Motion to Dismiss as to these claims.

## CONCLUSION

The Court – finding that Plaintiff's First Amended Complaint fails to state any viable claim against the District Defendants – will grant the District Defendants' Motion to Dismiss and dismiss Plaintiff's First Amended Complaint against them with prejudice. The Court will, however, deny AEA's Motion for Summary Judgment without prejudice and with leave to refile having found that AEA failed to comply with the Local Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that Defendant AEA's Motion for Summary Judgment (Doc. #39) is **DENIED** without prejudice and with leave to refile;

**IT IS FURTHER ORDERED** that the District Defendants' Motion to Dismiss (Doc. #40) is **GRANTED**;

**IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice as to the District Defendants.

DATED this 15th day of December, 2008.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge

- 11 -