**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John P. Warden, | CIV-07-2273-PHX-MHB |
| Plaintiffs, | **ORDER** |
| vs. | |
| Coolidge Unified School District, et al., | |
| Defendants. | |

Plaintiff John P. Warden, appearing *pro se*, is employed as a teacher by Defendant Coolidge Unified School District. In 2007, Plaintiff was accused of improper contact with students at San Tan Heights Elementary School, and was, subsequently, transferred to his current position at Coolidge High School.

On May 1, 2008, Plaintiff filed a First Amended Complaint against Defendant Arizona Education Association ("AEA") and Defendants Coolidge Unified School District, Sarah Robles, and Thomas Beckett ("District Defendants") alleging various claims in connection with his transfer.

On June 5, 2008, the District Defendants filed a Motion to Dismiss arguing that Plaintiff had failed to assert any constitutional violations. Specifically, the District Defendants contended that (1) Plaintiff cannot allege an Equal Protection claim based on a "class of one" theory; (2) Plaintiff has not identified either a property or liberty interest with which the District Defendants have interfered; (3) Plaintiff has not alleged a cognizable First Amendment claim; and (4) Plaintiff fails to state a claim pursuant to either section 1983 or

1 | section 1985. With respect to the other claims asserted in the First Amended Complaint, the
2 | District Defendants argued that Plaintiff failed to state a viable RICO cause of action and
3 | failed to state a claim pursuant to Title VII or the ADA. The Court subsequently granted the
4 | District Defendants' Motion on December 16, 2008.

On January 15, 2009, AEA filed a Motion for Summary Judgment. On July 1, 2009, the Court granted AEA's Motion finding that Plaintiff had failed to exhaust his administrative remedies. Additionally, the Court found that Plaintiff did not establish that AEA was a public entity as defined by statute and also failed to state any particular acts committed by AEA that caused or contributed to his transfer or that resulted in a failure to accommodate his disability. Further, regarding any claim alleged pursuant to 42 U.S.C. § 1983, the Court concluded that Plaintiff failed to demonstrate any concerted or collusive action on the part of AEA.

Pending before the Court is Plaintiff's motion for reconsideration of the Court's Order granting AEA's Motion for Summary Judgment. (Doc. #76.)

Motions for reconsideration should be granted only where: (1) the District Court is presented with newly discovered evidence; (2) the District Court committed clear error in its decision; (3) the District Court's decision was manifestly unjust, or (4) there is an intervening change in controlling law. See School District No. 1J v. ACandS, Inc., 5 F.3d 1255 (9th Cir. 1993). Procedurally, motions to reconsider are generally treated as motions to alter or amend the judgment or a motion for relief from a judgment or order. See Fed. R. Civ. P. 59(e), 60. Thus, relief may also be available on any of the grounds listed in Rule 60 of the Federal Rules of Civil Procedure. A motion for reconsideration should not be used to ask the Court "to rethink what the court has already thought through." Defenders of Wildlife v. Ballard, 73 F.Supp.2d 1094, 1115 (D. Ariz. 1999).

Although Plaintiff labels the three headings in his motion as "New Evidence," "Clear Error," and "Manifest Injustice" pursuant to the reconsideration standard, the Court finds that throughout Plaintiff's motion, he simply asks the Court to revisit the same issues raised in

relation to AEA's Motion for Summary Judgment, and to reexamine case law, which was previously considered by the Court in deciding this matter. Plaintiff fails to present newly discovered evidence, demonstrate clear error or that the Court's decision was manifestly unjust, or show that there has been an intervening change in controlling law. Therefore, the Court will deny Plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (Doc. #76) is **DENIED**;

**IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice.

DATED this 26th day of October, 2009.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge