**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John P. Warden, ) | CIV-07-2273-PHX-MHB |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Coolidge Unified School District, et al., ) | |
| Defendants. ) | |

Plaintiff John P. Warden, appearing *pro se*, is employed as a teacher by Defendant Coolidge Unified School District. In 2007, Plaintiff was accused of improper contact with students at San Tan Heights Elementary School, and was, subsequently, transferred to his current position at Coolidge High School.

In his First Amended Complaint, Plaintiff alleged that Defendants' conduct, in connection with the accusations and subsequent transfer, gives rise to various legal claims. Plaintiff appeared to assert that Defendants discriminated against him on the basis of race, sex, and disability in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). He also contended that Defendants denied him equal protection of the law and deprived him of property and liberty without due process, in violation of 42 U.S.C. § 1983. In addition, Plaintiff stated that Defendants conspired to violate his civil rights pursuant to 42 U.S.C. § 1985. Lastly, Plaintiff claimed that Defendants retaliated against him for exercising his First Amendment rights and that

1  Defendants are liable under the Racketeering Influenced and Corrupt Organizations Act
2  ("RICO").

3  On June 5, 2008, Defendants Coolidge Unified School District, Sarah Robles, and
4  Thomas Beckett ("District Defendants") filed a Motion to Dismiss arguing that Plaintiff had
5  failed to assert any constitutional violations. Specifically, the District Defendants contended
6  that (1) Plaintiff cannot allege an Equal Protection claim based on a "class of one" theory;
7  (2) Plaintiff has not identified either a property or liberty interest with which the District
8  Defendants have interfered; (3) Plaintiff has not alleged a cognizable First Amendment
9  claim; and (4) Plaintiff fails to state a claim pursuant to either section 1983 or section 1985.
10 With respect to the other claims asserted in the First Amended Complaint, the District
11 Defendants argued that Plaintiff failed to state a viable RICO cause of action and failed to
12 state a claim pursuant to Title VII or the ADA.

13 The Court subsequently granted the District Defendants' Motion to Dismiss on
14 December 16, 2008, finding that Plaintiff's First Amended Complaint failed to state any
15 viable claim against the District Defendants.

16 Thereafter, the District Defendants moved for an award of attorneys' fees totaling
17 $31,001.50. In their Motion and supporting Memorandum, the District Defendants argue that
18 Plaintiff asserted legal theories not recognized in this Circuit. For example, Plaintiff claimed
19 that the District Defendants conspired to obstruct his access to the court system and retaliated
20 when he attempted to enforce his "rights." In an effort to support his retaliation claim, he
21 argued that he was a "class of one." The Ninth Circuit, however, does not recognize a "class
22 of one" theory for public employees. As such, the District Defendants claim that it was
23 unreasonable for Plaintiff to assert this theory of recovery.

24 Plaintiff also claimed that his due process rights were violated when the District
25 Defendants transferred him to a different school within the District. The District Defendants
26 contend that he suffered no reduction in pay, nor did he allege that the District Defendants
27 took any adverse action against his teaching license. Under such circumstances, his due

28

process rights were not implicated. Following established Ninth Circuit precedent, the Court found that Plaintiff's due process rights were not violated.

The District Defendants also assert that Plaintiff failed to state a section 1983 claim. As the Court recognized, liability under section 1983 cannot be established under a theory of respondeat superior. His section 1985 claim, which requires that he demonstrate a conspiracy to deprive one of civil rights, failed as well, for want of a cognizable underlying civil rights violation.

The District Defendants state in their Motion that Plaintiff also appeared to raise a Title VII or ADA claim, although his pleadings failed to precisely identify the nature of these claims. Not only did he fail to present any facts in support of these claims, but he affirmatively alleged that he was able to perform his essential job functions.

The District Defendants conclude their Motion stating that Plaintiff should be required to pay the fees that they were forced to incur in their defense of Plaintiffs' claims. Plaintiff filed his Opposition to Motion for Attorney Fees on September 21, 2009, and the District Defendants filed their Reply on September 23, 2009.

Having considered the District Defendants' Motion and the parties' responsive pleadings filed thereto,

**IT IS ORDERED** that the District Defendants' Motion for Attorneys' Fees (Doc. #77) is **GRANTED in part**;

**IT IS FURTHER ORDERED** that District Defendants shall recover from Plaintiff the sum of $23,659.50 in attorneys' fees.

DATED this 26th day of October, 2009.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge

- 3 -